IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY JACKSON,<br><br>        Plaintiff,<br>   vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>        Defendant.<br>_____ / | CASE NO. CV F 04-5596 LJO<br><br>**ORDER ON MOTION FOR ATTORNEY FEES**<br>(Doc. 16.) |

## INTRODUCTION

In this action reviewing administrative denial of Social Security benefits to plaintiff Mary Jackson ("plaintiff"), plaintiff's attorney seeks, under 42 U.S.C. § 406(b) ("section 406(b)"), $6,019.50 attorney fees (with a $1,700 offset) for work before this Court to obtain an award for plaintiff's past-due benefits. On July 21, 2006, plaintiff's attorney filed his motion and papers for attorney fees. Defendant Jo Anne B. Barnhart, Commissioner of Social Security ("Commissioner"),filed no timely papers to indicate whether the Commissioner objects to the requested attorney fees.

## BACKGROUND

Plaintiff entered into a fee agreement with her attorney which provides in pertinent part:

> If this matter requires judicial review of any adverse decision of the Social Security Administration, [t]he fee for successful prosecution of this matter is **a separate 25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court.** Attorney shall seek compensation under the Equal Access to Justice Act and such amount shall credit to the client for fees otherwise payable for that

particular work. (Bold in original.)

With its November 17, 2004 order, this Court vacated an Administrative Law Judge's ("ALJ's") decision to deny plaintiff benefits and remanded plaintiff's case for a new ALJ hearing and decision. The ALJ issued a January 13, 2006 decision to award plaintiff benefits. The Social Security Administration's ("SSA's") April 2, 2006 Notice of Award informed plaintiff that her retroactive benefits total $45,278. From such amount, plaintiff's attorney seeks $6,019.50 for his work before this Court subject to a $1,700 offset for fees previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. As such, plaintiff's counsel seeks here a net fee of $4,319.50. Plaintiff's attorney contends that since "the requested net court fee represents only 10% of Mary Jackson's past due benefit award, the fee is reasonable under the 25% representation agreement given the nature and character of Mary Jackson's counsel's representation in this case."

**DISCUSSION**

Section 406(b)(1)(A) addresses attorney fees in Social Security cases and provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

Section 406(b)(1)(A) calls for court review of contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 152 L.Ed.2d 996, 1011 (2002). The United States Supreme Court has further observed:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. . . . Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services provided.
>
> . . .
>
> If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Gisbrecht*, 535 U.S. 789, 152 L.Ed.2d at 1011-1012.

Section 406(b) "instructs courts to review for reasonableness" fees yielded under contingent fee agreements. *Gisbrecht*, 535 U.S. 789, 152 L.Ed.2d at 1012. Lastly, an EAJA award offsets an award

under section 406(b) so that the amount of total past-due benefits the claimant receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits. *See Gisbrecht*, 535 U.S. 789, 152 L.Ed.2d at 1004.

Based on the efforts of plaintiff's attorney, this Court vacated an ALJ decision unfavorable to plaintiff and ordered a new ALJ hearing and decision to culminate in the retroactive benefits award. The $6,019.50 requested gross fee is 13 percent of the retroactive benefits award. With a $1,700 offset for EAJA fees, the $4,319.50 requested net fee is less than 10 percent of the retroactive benefits award. The requested fee is well within the 25 percent limit of plaintiff's fee agreement to demonstrate its reasonableness, especially given the successful result for plaintiff. Plaintiff's attorney has committed not to seek fees under 42 U.S.C. § 406(a)..

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. GRANTS the motion of plaintiff's counsel for $6,019.50 attorney fees;
2. ORDERS the Commissioner to certify $6,019.50 attorney fees payable to the Law Offices of Lawrence D. Rohlfing; and
3. ORDERS plaintiff's attorney to reimburse plaintiff $1,700 for previously paid EAJA fees to render $4,319.50 net attorney fees.

IT IS SO ORDERED.

**Dated:   August 14, 2006**                    /s/ Lawrence J. O'Neill
66h44d                                                   UNITED STATES MAGISTRATE JUDGE